# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-4054-CR-C-SRB |
| | ) | |
| RAMELUS D. BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is defendant Ramelus D. Bradley's motion to quash search warrants and suppress evidence and statements. A hearing on the motion was held on April 3, 2017.

### **Facts**

Defendant Ramelus Bradley is charged in a three-count indictment with possession with intent to distribute cocaine and cocaine base and with being a felon in possession of a firearm. The indictment was the result of an investigation by law enforcement into information that defendant Bradley was involved in selling drugs in Columbia, Missouri.

On July 23, 2015, law enforcement applied for and obtained a GPS tracker warrant from the state court in Boone County, Missouri. The tracker was installed on Bradley's vehicle on July 28, 2015. Using the tracker, in conjunction with physical surveillance, law enforcement monitored Bradley's movement and activities. On August 20, 2015, based on the information collected, law enforcement applied for and obtained state search warrants for Bradley's residence in Columbia, Missouri, and for Bradley's vehicle. These search warrants were executed the following day.

During the search of Bradley's residence, Bradley was found to be within reach of three firearms and had marijuana at his feet. Two infants were also present at the residence. One of the infants was lying on the same bed where a firearm was located under a pillow. Three other firearms were also located, along with $12,258 in currency.

When Bradley's vehicle was searched, law enforcement recovered approximately 6.5 ounces of cocaine, 31.3 grams of cocaine base, other pills, suspected marijuana, and digital

scales. Bradley was informed of his rights under Miranda and was interviewed. During the interview Bradley identified where all four firearms in the home were located and also claimed ownership of the marijuana found at his feet.

Bradley now moves to suppress "all physical evidence" seized from his home and his truck, as well as "any statements attributed to him." Bradley's suppression motion argues that the GPS tracking warrant from July 23, 2015, was "clearly lacking in sufficient indicia of probable cause," and therefore, all evidence obtained thereafter was tainted and should be suppressed.

## Discussion

The GPS tracking warrant is the only warrant challenged by defendant Bradley in his motion to suppress. The two subsequent warrants issued for the search of Bradley's residence and vehicle, where the physical evidence in this case was found, are not challenged.

The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, should not be violated." U.S. CONST. amend IV. The Supreme Court has held that it is "beyond dispute that a vehicle is an 'effect' as that term is used in the Amendment." United States v. Jones, 565 U.S. 400, 404 (2012). Therefore, the "Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search.'" Id. Because a GPS tracking warrant is a search it must be supported by probable cause.

Thus here, the GPS tracking warrant obtained by law enforcement on July 23, 2015, which granted law enforcement permission to place a GPS tracking device on defendant Bradley's vehicle must be supported by probable cause. Whether or not there is probable cause to support the issuance of a search warrant "depends on whether, under the totality of circumstances, there is a fair probability evidence of a crime will be found in a particular place." United States v. Faulkner, 826 F.3d 1139, 1144 (8th Cir. 2016).

Defendant Bradley's motion to suppress challenges that the information contained in the affidavit submitted in support of the GPS tracking warrant application was insufficient to support probable cause. Defendant Bradley argues that the confidential informant's information and that of the cooperating citizens' were not reliable, and that the information provided by these persons

2

was vague and stale. Defendant also argues that his criminal history was improperly included in the affidavit.

The Government argues that law enforcement had probable cause to support the placement of the GPS tracking device on defendant Bradley's vehicle. The Government asserts that the evidence submitted in the affidavit with the application for the GPS tracking warrant was sufficient to show there was a fair probability that information received from the GPS tracking device would provide evidence of a crime, specifically defendant Bradley's involvement in illegal drug sales.

**<u>Confidential Informant</u>**

In reviewing whether a confidential informant's information supports probable cause for the issuance of a search warrant, the court is to consider the totality of the circumstances. A totality of the circumstances review includes consideration of "the informant's reliability, veracity, and basis of knowledge." <u>Id.</u> However, these considerations, are not independent, and "[t]he key inquiry in such cases is whether the information is reliable." <u>Id.</u> Reliability can be established through the informant's track record of providing trustworthy information of which may include independent corroboration by law enforcement of the informant's information. <u>Id.</u> Here, the affidavit specifically states that the confidential informant was a reliable confidential informant who had previously provided information leading to the discovery of evidence. Moreover, the officer observed the drug purchase made by the confidential informant from defendant Bradley. The officer's personal witnessing of the illegal drug sales transaction corroborated the information given by the confidential informant and provided an additional basis of personal knowledge by law enforcement that defendant Bradley was engaged in illegal drug sales in Boone County, Missouri.

Defendant's argument that information from the confidential informant was not reliable because the law enforcement officer did not search the confidential informant prior to the confidential informant conducting the drug transaction with defendant Bradley is baseless. The evidence is that the officer personally observed the drug sales transaction. The argument that the confidential informant could have been hiding on his person the cocaine he said he purchased from defendant Bradley, rather than actually purchasing it from defendant, cannot be supported by the evidence.

As to the confidential informant's information being vague or stale, this is also contrary to the evidence. The law enforcement officer's personal observation of the drug transaction between the confidential informant and defendant Bradley which occurred just four days prior to the application for the GPS tracking warrant, is specific information that was obtained close in time to when law enforcement applied for the GPS tracking warrant.

The Court finds that information provided by the confidential informant in conjunction with the law enforcement officer's personal witnessing of the illegal drug sales transaction between the informant and defendant Bradley, shows that the confidential information was reliable and that the information was not vague or stale. The confidential informant's information in conjunction with the personal observation of the drug transaction by the law enforcement officer were sufficient to support a finding of probable cause for the issuance of the warrant authorizing placement of a GPS tracking device on Defendant's vehicle.

**Cooperating Citizens**

Defendant Bradley's challenge to the information provided by two reliable cooperating citizens fails to provide support for his argument that the affidavit in support of the GPS search warrant lacked probable cause. First, as set forth above, the drug transaction between defendant Bradley and the reliable confidential informant, standing alone, provided sufficient probable cause to support the GPS warrant.

Second, contrary to the arguments of defendant Bradley, citing Missouri state court case State v. Wilbers, 347 S.W.3d 552 (Mo. Ct. App. W.D. 2011), the affidavit in this case does not rely on the information received from the two cooperating citizens as the only basis to support the application for GPS tracking search warrant. The Wilbers case held that "the fact that illegal substances were observed at a particular location at some unidentified time in the past, without more, does not establish probable cause required to search those premises." Id. at 559. In this case, there is more. The information provided by the cooperating citizens was provided only as part of the totality of the circumstances set forth in the affidavit submitted by the law enforcement officer in support of the GPS tracking warrant application. Thus, here, even though the cooperating citizens' information was identified as being provided in "the beginning of 2015" and did not provide specific dates, and was more generalized in nature as to defendant Bradley's involvement in illegal drug sales, the information was not relied upon as the only basis for the finding of probable cause. Rather, the information from the cooperating citizens was

4

provided as corroborative information in support of probable cause that defendant Bradley was involved in illegal drug sales. The State v. Wilbers case cited by defendant Bradley specifically notes that "[i]t is well-settled that information about criminal activity at an earlier, unspecified time may combine with factually connected, recent, time-specific information to provide a substantial basis for the conclusion that the criminal activity described in an affidavit is sufficiently close in time to the search warrant application." Id. (quoting United States v. Day, 949 F.2d 973, 978 (8th Cir. 1991)). Here, the other information relied upon by law enforcement as set forth in the affidavit in support of the search warrant did provide specific dates. Law enforcement had the specific date of the illegal drug sale between the confidential informant and defendant Bradley that was witnessed by law enforcement. Law enforcement had the specific date of the officer who stated in the affidavit that just twenty-four hours prior he observed defendant Bradley conducting what he believed to be a drug-related transaction.

**Additional Information Contained in the Affidavit**

Defendant Bradley argues that his criminal history was improperly included in the affidavit in support of the GPS tracking warrant. Defendant Bradley argues that the law seeks to dispel any inference or supposition that once a criminal always a criminal. The Government points out that Defendant's argument is based upon prior convictions of a defendant being used in a jury trial, not in an affidavit in support of a GPS tracking warrant.

Upon review, the Court finds that inclusion of defendant Bradley's criminal history was not improper. Defendant fails to provide case law which would support that the reviewing judge cannot be advised in an affidavit in support of a search warrant if the defendant has a relevant criminal history. Bradley's prior drug convictions cited in the affidavit are related to the other information contained in the affidavit as to defendant Bradley's involvement in illegal drug sales. This argument in support of suppression is without merit.

Defendant's argument that information contained in the affidavit in support of the GPS tracking warrant, about a traffic stop of his vehicle, "adds absolutely nothing to a probable cause analysis" is incorrect. The information from the April 11, 2015 traffic stop, helped law enforcement establish that defendant Bradley was a regular driver of the vehicle that they were seeking to track with the GPS tracking warrant.

The probable cause standard is a totality of the circumstances standard. The information contained in each of the numbered paragraphs of the affidavit does not stand alone in support of

5

probable cause for the issuance of the GPS tracking warrant.  Rather each paragraph is taken together to make a determination based on the totality of the circumstances.  The law enforcement officer who authored the affidavit in this case, properly included all information that he believed supported the fair probability that information received from the GPS tracking device would provide evidence of a crime, specifically defendant Bradley's involvement in illegal drug sales.

**Good faith exception**

Finally, the good faith exception would apply even if probable cause was lacking for the GPS tracking warrant.  The Supreme Court has recognized that the "exclusionary rule is designed to deter police misconduct," and that suppression is not warranted, even if probable cause was lacking, if officers relied in good faith on a warrant that was signed by a neutral, detached magistrate, and if their reliance was objectively reasonable.  United States v. Leon, 468 U.S. 897, 916, 922-23 (1984).

Here, contrary to the argument of defendant Bradley, there is no evidence to suggest that the issuing judge abandoned his judicial role, or that reliance by law enforcement on the GPS tracking warrant issued by the judge was not objectively reasonable.

## Conclusion

The Court finds no merit to defendant Bradley's arguments for the GPS tracking search warrant to be quashed or for suppression of evidence and statements.  The Court finds that based on the totality of the circumstances, the judge had sufficient information and evidence to support a probable cause finding and to issue the GPS tracking search warrant for defendant Bradley's vehicle.

IT IS, THEREFORE, RECOMMENDED that defendant Ramelus D. Bradley's motion to suppress be denied.  (Doc. 44).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. Failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 30th day of May, 2017, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge